**CHAMBERS DEVELOPMENT COMPANY, INC., Plaintiffs,**

v.

**BROWNING–FERRIS INDUSTRIES; Browning-Ferris Industries of Pennsylvania, Inc., William Curtis; Clifford Bright; Edward Benko; William Pittman; Louis Mazzaro; David Humphreys; Anthony Phillips, Jr.; Mazzaro Coal & Disposal Co., Inc.; Raymond Nicoletti and Carol Mazarro Nicoletti, Defendants.**

Civ. A. No. 83–2384.

United States District Court,
W.D. Pennsylvania.

Jan. 13, 1987.

**358**

Charles Markell III, Jamie L. Whitten, Washington, D.C., Ralph F. Scalera, David Ries, Pittsburgh, Pa., for plaintiffs.

George E. Cornelius, William B. Mallin, Pittsburgh, Pa., for Browning-Ferris Industries, Inc. and Browning-Ferris Industries of Pennsylvania, Inc.

H. Yale Gutnick, Pittsburgh, Pa., for Bright, Benko, Pitmann, Louis Mazzaro & Phillips.

Samuel R. Sciullo, Pittsburgh, Pa., for Mazarro Coal & Disposal Co. Inc. and Carol Nicoletti.

Theodore E. Breault, Pittsburgh, Pa., for David Humphreys.

## OPINION

GERALD J. WEBER, District Judge.

This complex litigation involves allegations of antitrust and RICO (Racketeer Influenced and Corrupt Organizations) Act violations as well as pendant state claims. Discovery has been completed, and pretrial motions together with briefs and evidentiary materials have been filed and responded to by the parties, and are ready for determination by this court. We will decide at this time only those motions for summary judgment which deal with the claims brought by plaintiff, Chambers Development Company, against defendants, BFI and BFI–PA, because the court has previously ordered that claims against individual and counterclaim defendants be tried separately.

Motions for summary judgment, pursuant to F.R.Civ.P. 56, should be granted only when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. *Adickes v. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). All favorable inferences are to be drawn to the benefit of the non-moving party. *Hollinger v. Wagner Mining Equipment Company*, 667 F.2d 402, 405 (3d Cir.1981). Even where the preponderance of the evidence appears to lie on the moving party's side, if an issue of material fact is found to exist, the case must be permitted to proceed to trial. *Ness v. Marshall*, 660 F.2d 517 (3d Cir. 1981).

### CHAMBERS' MOTION FOR SUMMARY JUDGMENT REGARDING JURISDICTION OVER BFI

■ Plaintiff has moved for summary judgment on the issue of this court's exercise of personal jurisdiction and venue over BFI. Plaintiff has supported this motion with extensive evidentiary materials and an in depth factual basis for such a finding.

Defendant opposed the motion with evidentiary materials and arguments attempting to establish a disputed factual issue for trial. Defendant also argues that a determination of this issue on summary judgment will not affect significantly the amount and kind of evidence that will be produced at trial, and therefore little, if

any, narrowing of issues would be accomplished by a summary determination. We believe that this is the case. Further it appears that defendants have established that there is a dispute over the inferences we should draw from the substantial evidence which plaintiff presents. For these reasons, we will deny plaintiff's motion.

## BFI/BFI–PA'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CHAMBERS' DAMAGE CLAIM

■ BFI and BFI–PA have moved for partial summary judgment on plaintiff's claim for damages incurred by the allegedly unnecessary landfill construction, engineering and other operations required by the Department of Environmental Resources (DER) for the purpose of preventing off-site migration of methane and lechate at Chambers' Monroeville landfill. BFI bases its motion on the following facts which appear to be undisputed:

1. In May 1978 DER and Chambers entered into a Consent Agreement and Order which would require certain work by Chambers to deal with the problem of off-site migration of methane and lechate.

2. This Consent Agreement and Order has not been vacated or modified, and is still in effect.

3. Chambers has not taken any administrative or state court action to set aside or modify the Consent Order.

4. Chambers is claiming as part of its damages in this action expenses for work done under the Consent Agreement.

BFI argues that Chambers cannot recover for expenses incurred in complying with a valid state consent order, and asks for partial summary judgment on this basis.

Chambers proposes that this court make an analogy in which BFI would be considered to have tortiously interfered with a contractual relationship between the DER and Chambers, whereby DER agreed to leave Chambers alone if it complied with the law. We do not think that such an analogy can properly be made on these facts. Chambers also argues that the Con-

sent Agreement should be seen as the settlement of a dispute between Chambers and DER, that does not affect Chambers' ability to proceed against BFI who was not a party to the settlement. Further Chambers alleges it suffered these damages as a direct result of BFI's illegal acts.

We believe that BFI's position is the better reasoned one under the circumstances, and we hold that Chambers may not recover costs of complying with a valid consent agreement and order in a RICO action against third party, BFI, despite plaintiff's allegations that the order was the direct result of bribery of DER officials by BFI. *See Environmental Aid, Inc. v. Goddard,* 433 F.Supp. 906 (W.D.Pa.1977). To decide otherwise would inject into this already complex trial, the need to determine the validity of the May 1978 Consent Agreement and Order. We believe this would be improper. BFI's Motion for Partial Summary Judgment will be granted on this basis.

## CHAMBERS' MOTION FOR SUMMARY JUDGMENT ON BFI–PA'S COUNTERCLAIM

■ Plaintiff, Chambers Development Company, has moved for summary judgment on the counterclaim filed against it (and additional defendants) by BFI–PA. The counterclaim consists of five counts. In the first two counts, BFI–PA alleges that Chambers acted in concert with /conspired with Carol Mazzaro Nicoletti, Raymond Nicoletti, and Mazzaro Coal & Disposal Company, Inc. in an effort to drive BFI–PA out of business and to monopolize waste collection and disposal in Southwestern Pennsylvania in violation of Sections 1 and 2 of the Sherman Act. Count 3 asserts a 15 U.S.C. § 2 claim against Chambers and others alleging allocation of territories, price fixing, and predatory pricing. Count 4 alleges that Chambers is liable for tortious interference with BFI–PA's contractual relations. Count 5 alleges breach of a written contract by Chambers.

Chambers argues that it is entitled to summary judgment on all five counts for the following reasons:

1. BFI–PA failed to state any damages resulting from claims 2, 3 and 4.

2. There is no evidence of any unlawful combination or conspiracy to restrain trade as would be necessary for counts 1, 2 and 3.

3. The amount which BFI–PA claims in count 5 is more than offset by the sums due and owing to Chambers by BFI–PA.

BFI–PA opposes this motion indicating that it claims damages in the nature of lost profits on the PACER Project and equitable relief in the form of an injunction. BFI–PA also argues that it has produced evidence sufficient to raise a material triable issue as to whether Chambers and the Southwestern Pennsylvania Haulers Association formed an unlawful combination and/or conspired to restrain trade in violation of the antitrust laws. Finally, BFI–PA argues that a "set off" is not available prior to a determination of liability and therefore plaintiff's suggestion as to Count 5 is premature.

We believe that the evidence which BFI–PA has produced is "thin" in spots, but is nonetheless sufficient to raise a material disputed issue for trial as to all counts. Plaintiff's motion will therefore be denied.

### ORDER

NOW this *13th* day of January, 1987, in accordance with the accompanying Opinion, IT IS ORDERED that:

1. Chambers' Motion for Summary Judgment regarding this court's jurisdiction over BFI is DENIED.

2. BFI/BFI–PA's Motion for Partial Summary Judgment on Chambers' damage claim is GRANTED.

3. Chambers' Motion for Summary Judgment on BFI–PA's counterclaim is DENIED.

4. All further proceedings on the state law claims and counterclaims are STAYED pending trial of the antitrust and RICO claims.

5. A pretrial conference of counsel will be held in Judge Weber's Chambers, Eighth Floor, United States Courthouse, Pittsburgh, Pennsylvania, on *Tuesday, February 10, 1987 at 1:30 p.m.*